THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST, and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. _____ |
| v. | )<br>)<br>) |
| SKYTECH ENTERPRISES, LTD., | )<br>) |
| Defendant. | ) |

## **C O M P L A I N T**

NOW COME Plaintiffs, TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST, by and through their undersigned attorneys, and complain of Defendant, SKYTECH ENTERPRISES, LTD., an Illinois Corporation, as follows:

1. This action is brought under the provisions of Sections 502(g)(2), 502(a)(3), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145 to collect delinquent contributions and related sums Defendant is obliged to contribute to Plaintiffs pursuant to applicable collective bargaining agreements and plan documents.

1

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. Jurisdiction in this Court is also based upon Sections 502(e)(1) and 502(e)(2) of ERISA, 29 U.S.C. §§ 1132(e)(1) and 1132(e)(2), which state in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

4. This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

5. Venue is proper in this District because Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), allows a suit to "be brought in the district where the plan is administered," and the Funds are maintained and administered at their offices at 200 East Randolph Street, Suite 1500, Chicago, IL 60601, which is located in the Northern District of Illinois.

## PARTIES

6. Plaintiffs, TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS HEALTH TRUST (the "Health Fund") and TRUSTEES OF THE SEIU LOCAL 1 & PARTICIPATING EMPLOYERS PENSION TRUST (the "Pension Fund") (collectively, the "Funds"), are Trustees of multiemployer employee benefit plans, as defined under Section 3(3) of ERISA, 29 U.S.C § 1002(3).

7. The Plaintiffs-Trustees are fiduciaries of the Funds within the meaning of 29 U.S.C.

§ 1132(e)(1).

8. The Funds are Taft-Hartley Funds, which are administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, and other applicable federal laws. They are created and maintained in accordance with the provisions of certain Restated Agreements and Declarations of Trust ("Trust Agreements").

9. Since at least 2015, Defendant and the Service Employees International Union, Local 1 (the "Union") have been parties to several collective bargaining agreements ("CBAs") which require contributions to the Funds on behalf of employees employed by Defendant at multiple worksites, and bind Defendant to the Funds' Trust Agreements. A copy of the current Security Contractors Agreement between Defendant and the Union ("Security Contractors Agreement") is attached hereto as Exhibit A. A copy of the currently active Metropolitan Chicago Security Agreement between Defendant and the Union ("Metro Chicago Security Agreement") is attached hereto as Exhibit B[1]. A copy of the current BOMA/Chicago – SEIU, Local 1 Security Agreement ("BOMA Agreement") is attached hereto as Exhibit C.

10. As provided in the Trust Agreements, the Trustees of the Funds and their designees are required to receive, hold, and manage all monies required to be contributed to the Funds in accordance with the provisions of the then-applicable CBAs for the uses and purposes set forth in the Trust Agreements.

11. Defendant is an employer incorporated in the State of Illinois.

12. Defendant is a security contractor that is engaged in an industry affecting commerce

---

[1] The Metro Chicago Security Agreement expires on September 1, 2025. The Union and the Chicago Area Security Contractors, including Defendant, are currently negotiating a successor agreement. Upon information and belief, Defendant will remain signatory to the successor agreement, and there are no significant changes contemplated to the benefits provisions in that agreement.

and has conducted business within the State of Illinois during the relevant period.

14. Defendant maintains its principal place of business at 910 West Van Buren Street, Suite 500, Chicago, Illinois 60607.

14. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the relevant CBAs, and the Trust Agreements incorporated therein, by the terms of which Defendant was required to contribute to the Funds.

15. The Trust Agreements and the CBAs also obligate Defendant to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

## FACTS COMMON TO ALL COUNTS

16. Since at least 2015, Defendant has been making contributions to the Funds on behalf of its employees at various locations who are covered by the relevant CBAs. Some of those contributions were made at the incorrect rate or paid late, triggering additional amounts of liquidated damages and interest to be due and owing. As of the filing of this lawsuit, Defendant still owes a balance for unpaid delinquencies, interest, and liquidated damages, which continues to increase in accordance with the CBAs, the Funds' Trust Agreements, and the Funds' Collections Policies.

17. In 2016, Cook County, Illinois released a Request for Proposal ("RFP") for contractors to provide security services for the Cook County Health and Hospital Systems ("CCHHS") Ambulatory and Community Health Network ("ACHN") Clinics and other County-owned and operated locations.

18. AlliedBarton Security Services LLC (now known as Allied Universal Security Services) ("Allied") submitted a proposal and was awarded the contract. As a result, Cook County

4

and Allied entered into an agreement dated June 24, 2016 ("2016 Agreement"), which has since been extended and amended several times.

19. The RFP requires that all employees who provide security services were to receive wages and benefits of at least the amount set forth in the BOMA Agreement.

20. Allied subcontracted some of the security work under the 2016 Agreement to Tactical Security Chicago, LLC ("Tactical").

21. Tactical paid its employees working at the ACHN Clinics and related facilities wages and fringe benefits according to the terms of its Security Contractors Agreement, which included health and welfare contributions to the Health Fund and pension contributions to the Pension Fund in amounts agreed upon with the Union in the same manner as are now required under the CBAs to which Defendant is signatory.

22. The Security Contractors Agreement contains provisions which require wages and benefit contributions to be at least as much as those in the BOMA Agreement.

23. On or around July of 2024, Defendant replaced Tactical as a subcontractor at the ACHN Clinics and related facilities, providing the same security services that Tactical previously provided, and hired some of the same employees.

24. From the time that Defendant took over the subcontract from Tactical until January 2025, Defendant paid fringe benefit contributions in accordance with the Security Contractors Agreement, specifically, making health and welfare contributions to the Health Fund and pension contributions to the Pension Fund in the amounts required by the BOMA Agreement.

## COUNT I – FAILURE TO SUBMIT CONTRIBUTIONS PURSUANT TO THE SECURITY CONTRACTORS AGREEMENT

25. Plaintiffs incorporate and reallege all previous paragraphs as if fully stated herein.

26. Defendant is, and has at all relevant times been, signatory to the Security Contractors Agreement, which requires contributions to the Funds.

27. Defendant's Security Contractors Agreement requires wages and fringe benefit contributions to be paid on behalf of covered individuals on the same terms as those in the BOMA Agreement. *See* Exs. A and C.

28. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. § 1145.

29. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. § 1132(a)(3).

30. Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

31. Defendant has repeatedly failed to submit contribution reports and the required payments thereon to the Funds related to work completed, including but not limited to work completed at the ACHN Clinics and related facilities for the months of February 2025 forward, pursuant to the terms of the Security Contractors Agreement by which Defendant was and is bound, all in violation of its contractual obligations and its obligations under applicable federal law.

32. Defendant also failed to pay certain contributions, interest and liquidated damages as required by the CBAs and the Trust Agreements related to previously late and incorrect payments of required contributions.

33. As a result of the above-described omissions and breaches of agreement by

6

Defendant, the Funds may be required (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plans, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

34. The Funds, on their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested that Defendant perform its obligations, but Defendant has refused and failed to perform as herein alleged.

35. The Funds are without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the CBAs and the Trust Agreements and is restrained from continuing to refuse to perform as required.

36. Defendant's failure to submit reports and pay contributions and associated liquidated damages and interest owed is a violation of the CBAs and the Trust Agreements. The Funds, therefore, seek enforcement of these provisions pursuant to Sections 502(g)(2), 502(a)(3), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., § 185(a).

**WHEREFORE**, the Plaintiffs pray:

(a) That Defendant be ordered to submit contribution reports to the Funds, for any and all work locations in which such reports are missing, for the time period of February 2025 forward;

(b) That Defendant be ordered to pay all outstanding delinquencies and accrued interest

and liquidated damages thereon as determined are owed by the Funds;

(c) That judgment be entered in favor of Plaintiffs and against Defendant in the amounts due and owing for past due amounts through the time of judgment, inclusive of contributions, interest, and liquidated damages, an amount which increases with each month that the balance remains unpaid, and such additional monies that accrue during the pendency of this lawsuit;

(d) That Plaintiffs be awarded their costs, including reasonable attorneys' fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreements and under the applicable provisions of ERISA, as amended;

(e) That Defendant be specifically ordered to prospectively furnish to Plaintiffs the required monthly contribution payments and to continue to perform all obligations on Defendant's part according to the terms and conditions of its Collective Bargaining Agreements; and

(f) For such other and further relief as the Court may determine just and proper.

**COUNT II – IN THE ALTERNATIVE - FAILURE TO SUBMIT CONTRIBUTIONS PURSUANT TO THE METRO CHICAGO SECURITY AGREEMENT**

37. Plaintiffs reallege and incorporate paragraphs 1-24 as though fully set forth herein.

38. Plaintiffs maintain that the Security Contractors Agreement is the governing document applicable to the ACHN Clinics and related facilities. In the alternative, if the Court determines that the Metro Chicago Security Agreement applies, Plaintiffs allege the following in the alternative.

39. Defendant is, and has been at all times relevant, signatory to the Metro Chicago Security Agreement.

40. The Metro Chicago Security Agreement requires contributions to the Health Fund for all Tier 1 and Tier 2 employees, which include any locations that, prior to the signing of the

8

Agreement, previously employed Union members for whom contributions were made to the Health Fund. Ex. B, Article I, Section 1.

41. The employees who work at the ACHN Clinics and related facilities are considered "Tier 2" employees, because the facilities are non-commercial, and were previously governed by a CBA that required contributions to the Health Fund.

42. The Metro Chicago Security Agreement also contains a "maintenance of benefits" clause which states as follows: "If an Employer takes an account previously serviced by a predecessor Employer which has a Collective Bargaining Agreement with the Union, the Employer agrees he/she will not reduce the benefits, (or equivalent thereof) or wage rates paid by the predecessor Employer to its employees on such account at the time the bid is awarded." Ex. B, Article XVI, Section 5.

43. Prior to Defendant employing them, all security guards employed by Tactical at the ACHN Clinics and related facilities were paid wages and benefits according to the BOMA Agreement, and contributions were made on their behalf to the Funds.

44. As Article I, Section 1 and Article IX.A. of the Metro Chicago Security Agreement require that Defendant, as a Tier 2 employer, contribute to the Health Fund on behalf of all employees at the ACHN Clinics and related facilities, Defendant is obligated to contribute to the Health Fund on behalf of all of its employees at those facilities at the rates specified in the Metro Chicago Security Agreement.

45. As Article XVI, Section 5 of the Metro Chicago Security Agreement requires that Defendant, regardless of what Tier it is, maintain the same level of benefits for any employees working at the ACHN Clinics and related facilities who previously received benefits from the Funds, Defendant is obligated to continue contributing to both the Health Fund and the Pension

9

Fund on behalf of those employees who previously were employed at those facilities by Tactical at the rates set forth in the BOMA agreement, for as long as those employees remain employed at those facilities.

46. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. § 1145.

47. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. § 1132(a)(3).

48. Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. § 1132(g)(2).

49. Defendant has repeatedly failed to submit contribution reports and the required payments thereon to the Funds for the months of February 2025 forward, pursuant to the terms of the Metro Chicago Security Agreement by which Defendant was and is bound, all in violation of its contractual obligations and its obligations under applicable federal law.

50. Defendant also failed to pay certain contributions, interest and liquidated damages as required by the Metro Chicago Security Agreement and the Trust Agreements related to previously late or incorrect payments of required contributions.

51. As a result of the above-described omissions and breaches of agreement by Defendant, the Funds may be required (a) to deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of

Defendant the benefits provided under the benefit plans, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

52. The Funds, on their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested that Defendant perform its obligations, but Defendant has refused and failed to perform as herein alleged.

53. The Funds are without an adequate remedy at law and will suffer immediate, continuing, and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the CBAs and the Trust Agreements and is restrained from continuing to refuse to perform as required.

54. Defendant's failure to submit reports and pay contributions and associated liquidated damages and interest owed is a violation of the CBAs and the Trust Agreements. The Funds, therefore, seek enforcement of these provisions pursuant to Sections 502(g)(2), 502(a)(3), and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2), 1132(a)(3), and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., § 185(a).

**WHEREFORE**, the Plaintiffs pray:

(a) That Defendant be ordered to submit contribution reports to the Funds for the time period of February 2025 forward for those employees covered by the Metro Agreement for whom contributions to the Funds are required;

(b) That Defendant be ordered to pay all outstanding delinquencies and accrued interest and liquidated damages thereon as determined are owed by the Funds;

(c) That judgment be entered in favor of Plaintiffs and against Defendant in the

amounts due and owing for past due delinquencies through the time of judgment, inclusive of contributions, interest, and liquidated damages, and such additional monies that accrue during the pendency of this lawsuit;

(d) That Plaintiffs be awarded their costs, including reasonable attorneys' fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreements and under the applicable provisions of ERISA, as amended;

(e) That Defendant be specifically ordered to prospectively furnish to Plaintiffs the required monthly contribution payments and to continue to perform all obligations on Defendant's part according to the terms and conditions of its Collective Bargaining Agreements; and

(f) For such other and further relief as the Court may determine just and proper.

Respectfully submitted,

By: /s/ Naomi Frisch
One of Plaintiffs' Attorneys

Naomi Frisch
IL ARDC#: 6328429
Matthew J. Pierce
IL ARDC#: 6326448
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
Phone: (312) 263-1500
naomi@ulaw.com
mjp@ulaw.com

Dated: August 29, 2025